Paul Gattone
State Bar Number 012482
LAW OFFICE OF PAUL GATTONE
301 S. Convent
Tucson, Arizona 85701
(520) 623-1922
gattonecivilrightslaw@gmail.com
**Attorney for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Simpson,<br><br>Plaintiff,<br><br>Vs.<br><br>University of Arizona Police Officer Joseph Berriman #V1911 and Tucson Police Department Officer Knepper #46585,<br><br>Defendants. | No.<br><br>**CIVIL RIGHTS COMPLAINT FOR DAMAGES**<br><br>(Jury Trial Requested) |

Comes now the Plaintiff who alleges:

**INTRODUCTION**

1. This civil rights action for damages is based on the violation of civil rights and attendant harm inflicted on Plaintiff by the Defendants, while acting in their official capacity and under color of state law. Defendants deprived Plaintiff of his civil and constitutional rights,

- 1 -

privileges and immunities without due process of law as guaranteed under the Fourth Amendment of the United States' Constitution.

2.  This civil action for money damages is brought pursuant to 42 U.S.C. §§1983 and 1988.

3.  This Court also has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and pursuant to its pendent jurisdiction over all claims arising under state law.

**PARTIES**

4.  Plaintiff William Simpson resides in Sierra Vista, Arizona, and all actions described in this complaint took place in Pima County, Arizona.

5.  Defendant Berriman #V1911was and is at all times relevant to the facts alleged herein, a duly designated officer of the University of Arizona Police Department.  At all tines Defendant Berriman was acting within the course and scope of his employment and under color of state law.

6.  Defendant Knepper #46585 was and is at all times relevant to the facts alleged herein, a duly appointed officer of the Tucson Police Department acting within the course and scope of his employment and under color of state law.

7.  At all times relevant to the facts alleged herein, Defendants were duly appointed, qualified and sworn personnel and/or officers of the University of Arizona Police Department and the Tucson Police Department and acting within the course and scope of their employment and/or agency and under color of state law.

8.  All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as agent, employee or under the direction and control of the others.  All

such acts and failures to act were within the scope of such agency and/or employment and under color of law, and each Defendant participated in, approved and/or ratified the acts and omissions of other Defendants complained of herein.

9. Plaintiff sues all Defendants in their individual capacities.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

10. On February 28, 2020 at around 2:14 am Plaintiff was driving in the area of 6th Street and 3rd Avenue in Tucson, Arizona.

11. At the time Defendant Officer Berriman was patrolling the area as part of his duties as an officer with the University of Arizona Police Department.

12. At the time, Plaintiff was driving in accordance with the laws of the State of Arizona and the City of Tucson, when he was stopped by Defendant Berriman for alleged traffic violations. Plaintiff pulled his vehicle over when he saw the overhead lights of Defendant Berriman's vehicle.

13. Plaintiff was never questioned by Defendant Berriman regarding whether Plaintiff had consumed any alcohol.

14. Defendant Berriman ordered Plaintiff to exit his vehicle.

15. Plaintiff complied with this request and got out of his vehicle.

16. Defendant Berriman wanted Plaintiff to walk to a flat surface to perform field sobriety tests. Plaintiff understood that performing these tests is not legally required of him, so Plaintiff declined to perform the tests.

17. Defendant Berriman approached this stop as a DUI investigation even though Plaintiff did not display any alleged signs or symptoms of impairment.

18. Plaintiff stated to Defendant Berriman that he should be taken to jail or released. Plaintiff asked for Defendant Berriman's Sergeant to come to the scene.

19. When the Sergeant came to the scene Plaintiff made the same request to be taken to jail or to be release.

20. At that point Plaintiff was placed into handcuffs and taken to the University of Arizona Police Station.

21. While at the police station, Plaintiff was asked to perform a test of his breath, and Plaintiff complied with this request.

22. The test was negative for the presence of alcohol in Plaintiff's breath.

23. At that point it should have been apparent to Defendant Berriman that Plaintiff was not driving under the influence of alcohol and Plaintiff should have been allowed to leave the scene.

24. Plaintiff was then told that he would have to perform a drug recognition screening and a Tucson Police Officer would be coming to conduct the screening.

25. After an hour or so, Defendant Knepper arrived at the station. Defendant Knepper asked Plaintiff if he had consumed any drugs or alcohol and Plaintiff responded that he had not.

26. Plaintiff did not consent to perform the drug screening.

27. Defendant Knepper asked Plaintiff if he would submit to a blood draw.

28. Plaintiff verbally consented to the blood draw but would not sign the formal consent form.

29. Defendant Knepper treated this as a refusal to submit to the blood draw and a warrant was applied for and received to take a sample of Plaintiff's blood.

30. After this Defendant Knepper took a sample of Plaintiff's blood.

31. At that point Defendant Berriman cited Plaintiff for driving under the influence and for traffic offenses.

32. After 2-3 hours Plaintiff was released and allowed to walk back to where his vehicle had been stopped.

33. In response to these criminal charges Plaintiff retained counsel.

34. Eventually, Plaintiff and his Counsel appeared in Court and prepared to defend Plaintiff against these false and malicious charges.

35. Due to the COVID19 pandemic, Plaintiff and his Counsel appeared virtually in the Pima County Justice Court.

36. During this initial appearance on the charges, the representative of the Pima County Attorney's Office informed the Court that the charges against Plaintiff were being dismissed.

37. The Court then entered an order dismissing the charges.

## COUNT ONE

(42 U.S.C. § 1983 against Defendants for Fourth Amendment Violations-False Arrest)

38. Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

39. Plaintiff claims damages under 42 U.S.C. §1983 and the Fourth Amendment against Defendants.

40. Plaintiff was falsely arrested on February 28, 2020 by Defendants in violation of his right to be free from unreasonable seizure pursuant to the Fourth Amendment to the United States Constitution.

41. As a result of Defendants' actions, Plaintiff suffered physical damages, pain and suffering.

**COUNT TWO**

(42 U.S.C. § 1983 against Defendants for Fourth Amendment Violation
False Imprisonment)

42. Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

43. Plaintiff was falsely imprisoned by Defendants on February 28, 2020.

44. Plaintiff claims damages under 42 U.S.C. §1983 for violation of his Fourth Amendment rights to be free from unreasonable seizure.

45. As a result of Defendants' actions, Plaintiff suffered physical damages, pain and suffering.

**COUNT THREE**

(State Law Claim for False Imprisonment)

46. Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

47. Plaintiff was falsely imprisoned by Defendants on February 28, 2020 in violation of Arizona State Law.

48. As a result of Defendants' actions, Plaintiff suffered physical damages, pain and suffering.

**COUNT FOUR**

(State Law Claim for False Arrest)

49. Plaintiff restates and reincorporates by reference each and every allegation contained in the foregoing paragraphs, as full set forth herein.

50. Plaintiff was falsely arrested by Defendants in violation of Arizona State Law on February 28, 2020.

51. As a result of Defendants' actions, Plaintiff suffered physical damages, pain and suffering.

## CLAIM FOR RELIEF

WHEREFORE, the Plaintiff asks that this court grant him the following relief:

a. General damages against Defendants in an amount to be determined upon consideration of the evidence;

b. Punitive damages against Defendants in an amount to be determined upon consideration of the evidence.

c. Costs of this suit.

d. Attorney's fees pursuant to applicable statutes, including, inter alia, 42 U.S.C. §§ 1983 and 1988;

e. Granting any and all other relief that the court deem appropriate.

**A JURY TRIAL IS REQUESTED IN THIS MATTER**

REPECTFULLY SUBMITTED this 26th Day of February 2021

    s/Paul Gattone
Paul Gattone
Attorney for Plaintiff